ADAM C. BROWN (SBN 161951)
**HILL RIVKINS BROWN & ASSOCIATES**
**A Professional Law Corporation**
11140 Fair Oaks Boulevard, Suite 100
Fair Oaks, CA 95628
Telephone: (916) 535-0263
Facsimile: (916) 535-0268
adam@hillrivkinsbrown.com

Attorneys for Plaintiff
BACARDI U.S.A, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACARDI U.S.A, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN AIRLINES, INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** |

Plaintiff alleges upon information and belief as follows:

**PARTIES AND JURISDICTION**

1. At and during all material times, plaintiff Bacardi U.S.A., Inc. ("Plaintiff") was and now is a corporation organized and existing under the laws of the State of Delaware.

1
COMPLAINT FOR DAMAGES

2. Plaintiff is the shipper, owner, and/or otherwise had an interest in the cargo that is the subject of this complaint, and brings this action on its own behalf and on behalf of all parties who are or may become interested in the subject shipment as their respective interests may ultimately appear, including subrogated underwriters.

3. At and during all times hereinafter mentioned, Defendant American Airlines, Inc. ("American Airlines") was and now is a corporation organized and existing under the laws of the State of Delaware, and was and is a common carrier of goods by air, and issues air waybills for the international carriage of cargo by air, and operates in, about and through this District.

4. This Court has subject matter jurisdiction based upon 28 U.S.C. §1331 in that this claim arises under the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal opened for signature May 28, 1999, S. Treaty Doc. No. 106–45, at 27 (2000), 2242 U.N.T.S. 350., (the "Montreal Convention").

5. Defendant is subject to the personal jurisdiction of this Court by virtue of transacting business within and through this District, by making and/or issuing the contracts of carriage through this District and by delivering the cargo which is the subject of this complaint within this District.

6. Venue is proper under 28 U.S.C. §1391 as Defendant transacts business within and/or through the District and a substantial part of the events or omissions giving rise to the claim occurred in the District.

## FIRST CLAIM FOR RELIEF
### (Montreal Convention)

7. On or about September 20, 2021, a cargo of 24 pallets containing 1680 cases of cognac (hereinafter the "Cargo") was delivered to Defendant American Airlines in good order and condition and suitable in every respect for the intended transit, which Defendant received, accepted, and agreed to transport by air from Paris, France to Los Angeles, California by air pursuant to air waybill no. 001-39094392, for valuable consideration.

8. Defendant was the carrier of the Cargo, within the meaning of the Montreal Convention.

9. While in the possession, custody and control of Defendant, six pallets and three cases were lost or stolen.

10. By reason of the premises, the Cargo was lost or stolen during international carriage by air, within the meaning of the Montreal Convention.

11. By reason of the premises, Defendant breached and violated its common law and contractual duties and obligations as a common carrier and bailee

of the Cargo, was negligent and careless in the handling of the subject shipment and was otherwise at fault.

12. Plaintiff performed all duties and obligations on its part to be performed.

13. Written notice was provided to Defendant within the time frame required by the provisions of the Montreal Convention.

14. Plaintiff has sustained damages as a result of the Cargo which was lost or stolen in transit while in the care of Defendant, no part of which has been paid, although duly demanded, in the total amount of $65,820.72, subject to proof at trial, plus interest and costs.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For damages in the amount of $65,820.72, and such additional sums according to proof, including freight, duty and advance;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem proper.

///

///

| | |
|---|---|
| Date:  April 19, 2022 | HILL RIVKINS BROWN & ASSOCIATES<br>A Professional Law Corporation<br><br>By:   /s/ Adam C. Brown<br>     ADAM C. BROWN<br>     Attorneys for Plaintiff<br>     BACARDI U.S.A., INC. |